# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| ARMANDO CASTILLO VALERIO,<br><br>　　　　Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | No. C19-2023-LTS<br>(Crim. No. CR15-2050-LTS)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

_____

This matter is before me on a pro se 28 U.S.C. § 2255 motion (Doc. 1) filed by Armando Valerio.

## I.　　BACKGROUND

On November 17, 2015, the Grand Jury returned an indictment charging Valerio with one count of conspiracy to distribute a controlled substance. Crim. Doc. 3. He was found guilty after a jury trial. Crim. Doc. 110. Valerio filed a motion (Crim. Doc. 114) for a new trial, which I denied. Crim. Doc. 149. On January 30, 2017, I sentenced him to a 262-month term of imprisonment to be followed by five years of supervised release. Crim. Doc. 153.

Valerio appealed to the Eighth Circuit Court of Appeals, which affirmed the judgment. *United States v. Valerio*, 731 F. App'x 551 (8th Cir. 2018). Valerio then filed a petition for writ of certiorari with the Supreme Court, which was denied on January 10, 2019. Crim. Doc. 169.

The Clerk's office received Valerio's § 2255 motion on April 1, 2019. Valerio argues that he is entitled to relief under § 2255 due to ineffective assistance of trial counsel and prosecutorial misconduct. On June 22, 2020, I entered an order (Doc. 2) pursuant

to Rule 4 of the Rules Governing 28 U.S.C. § 2255 cases allowing Valerio's § 2255 to proceed and directing both his prior counsel and the Government to respond. On July 16, 2020, Attorney Brian Johnson filed an affidavit (Doc. 4). On August 12, 2020, the Government filed a resistance (Doc. 5). On March 19, 2021, Valerio filed a reply (Doc. 12). The matter is fully submitted. I find that neither an oral argument nor an evidentiary hearing are necessary.

## II.    APPLICABLE STANDARDS

### A.    *Section 2255 Standards*

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence. See 28 U.S.C. § 2255(a). To obtain relief, a federal prisoner must establish:

> [T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or [that the judgment or sentence] is otherwise subject to collateral attack.

*Id.*; *see also* Rule 1 of the Rules Governing § 2255 Proceedings (specifying scope of § 2255). If any of the four grounds are established, the court is required to "vacate and set the judgment aside and [to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

When enacting § 2255, Congress "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citation omitted). Section 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *Id.* (citation omitted). Rather:

> Relief under [§ 2255] is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.

2

*United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted); *see also Sun Bear*, 644 F.3d at 704 ("[T]he permissible scope of a § 2255 collateral attack . . . is severely limited[.]"). A collateral challenge under § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."). Consequently, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (citation omitted).

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (emphasis added). "The district court is not permitted to make a credibility determination on the affidavits alone." *Id.* at 1206; *see also United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) ("[The] district court abused its discretion when it credited the attorney's affidavit over the petitioners without first holding an evidentiary hearing."). However, no hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *See New v. United States*, 652 F.3d 949, 954 (8th Cir. 2011) (citation omitted).

## B. *Ineffective Assistance of Counsel Standards*

To establish a claim for ineffective assistance of counsel, a movant must prove that his attorney's representation "was 'deficient' and that the 'deficient performance prejudiced the defense.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient" performance is performance that falls "below an objective standard of reasonableness," *Lafler v. Cooper*, 566 U.S. 158, 163 (2012) (citation omitted), that is conduct that fails to conform to the degree of skill, care and diligence of a reasonably competent attorney. *Strickland*, 466 U.S. at 687. Matters of trial strategy are generally entrusted to the professional discretion of counsel and they are "virtually unchallengeable" in § 2255

3

proceedings. *Loefer v. United States*, 604 F.3d 1028, 1030 (8th Cir. 2010). Counsel is not constitutionally ineffective because of the failure to raise a "relatively sophisticated" and "counter-intuitive argument." *Donnell v. United States*, 765 F.3d 817, 821 (8th Cir. 2014). However, "[s]trategy resulting from lack of diligence in preparation and investigation is not protected by the presumption in favor of counsel." *Holder v. United States*, 721 F.3d 979, 994 (8th Cir. 2013) (citation omitted).

To establish "prejudice," a movant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler*, 566 U.S. at 163 (citation omitted). "Reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. That requires a "substantial," not just "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Ultimately, a showing of "prejudice" requires counsel's errors to be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 104 (citation omitted).

Since a movant must show both deficient performance and prejudicial effect, a court reviewing ineffective assistance claims need only address one prong if either fails. *See Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006). Additionally, each individual claim of ineffective assistance "must rise or fall on its own merits," meaning that courts should not take into account the "cumulative effect of trial counsel's errors in determining Strickland prejudice." *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006); *United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) ("[W]e have repeatedly rejected the cumulative error theory of post-conviction relief.").

### III. ANALYSIS

Valerio makes the following claims of ineffective assistance of trial counsel: (1) Johnson erred by failing to investigate the Government's witnesses and introduce evidence of inconsistencies in their testimony, (2) Johnson failed to call witnesses who

4

would testify on Valerio's behalf, (3) Johnson failed to object to certain evidence at trial and (4) Johnson withdrew as counsel immediately after filing a motion for a new trial. Valerio also argues that the Government is guilty of misconduct in the way it housed and transported cooperating witnesses who testified against him. He contends that the Government's arrangements allowed his former co-conspirators to coordinate their testimony against him so they would receive greater leniency in their own cases.

## A.  *Ineffective Assistance of Trial Counsel*
### 1.  *Failure to Investigate and Call Witnesses*

Valerio's first two ineffective assistance of counsel claim are related. In his first, he alleges that Johnson was:

> ineffective in his unwillingness to diligently work towards impeaching the testimony of the witnesses called by the government. This ineffectiveness manifested itself in two very significant ways. First, he failed to adequately investigate the background of any of the government witnesses.… Second, he failed to introduce evidence of inconsistencies in the witness testimonies that originated at the Grand Jury initial stages seeking indictments… Valerio's Counsel also failed, or simply would NOT allow certain witnesses to testify on Valerio's behalf because he stated to Valerio that, "they were all felons, drug users, and ex-cons that would only taint the proceeding and hurt Valerio's chances at acquittal…

Doc. 1-1 at 1-2. In his second, he goes on to allege that he is entitled to:

> [h]ave these witness testimonies included in the trial court's record. These testimonies would have created reasonable doubt had Trial Counsel adequately investigated and realized that their testimonies would completely contradict the testimony of the government witnesses, then the entire proceedings would have had a different result.

*Id.*, at 2.

"The decision not to call a witness is a 'virtually unchallengeable' decision of trial strategy." *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005) (citation omitted). However, "failing to interview witnesses or discover mitigating evidence may be a basis

for finding counsel ineffective." *Kramer v. Kemna*, 21 F.3d 305, 309 (8th Cir. 1994). "Such a failure is not … a conclusive indication of ineffective assistance of counsel." *Id.* A petitioner must still make a substantial showing that, but for counsel's failure to interview or subpoena a witness, there is a reasonable probability that the result of his trial would have been different. *Id.*; *see also Kemp v. Kelley*, 924 F.3d 489, 500 (8th Cir. 2019) ("Trial counsel has a duty to conduct a reasonable investigation or to make a reasonable determination that an investigation is unnecessary."). The question is whether "trial counsel was unreasonable in not exploring an alleged defense." *United States v. Vazquez-Garcia*, 211 F. App'x 544, 545 (8th Cir. 2007). "[T]he duty to investigate does not force defense lawyers to scour the globe on the off chance something will turn up; reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste." *Rompilla v. Beard*, 545 U.S. 374, 383 (2005). However, "'strategic choices made after less than complete investigation are reasonable' only to the extent that 'reasonable professional judgments support the limitations on investigation.'" *Wiggins v. Smith*, 539 U.S. 510, 521-22 (2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984)).

Johnson responds by noting that Valerio "does not provide names of witnesses that he provided to the Undersigned for investigation..." Doc. 4 at 1-2. Johnson states that he investigated a number of potential witnesses, and put one on the trial's witness list, but ultimately determined that witness could only provide character evidence and, on balance, would be harmful once cross-examination was done by the government. *Id*.

The Government argues:

> Movant advances a general claim that trial counsel did not properly prepare to impeach the government's trial witnesses. He provides no specific claims about any specific witnesses. The record establishes that trial counsel conducted a complete investigation of the witnesses' background and conducted a thorough cross examination of each government witness during the trial. Trial counsel questioned the government's witnesses regarding their cooperation agreements, drug use, and other impeachment areas. There is nothing to suggest that this was a deficient performance.

6

> Moreover, Movant has failed to establish that had trial counsel conducted any additional investigation that the outcome of the trial would have changed. With respect to his claim that trial counsel failed to call witnesses, Movant has failed to identify any specific witnesses which should have been called at trial…

Doc. 5 at 28-29. The Government is correct. Valerio advances nothing but a vague, conclusory claim that Johnson should have done more to investigate witnesses or call witnesses. He has failed to allege, much less prove, that Johnson was deficient in any specific way or that he was prejudiced by that deficient performance. Thus, these claims of ineffective assistance of counsel fail.[1]

### 2. *Valerio's Criminal Record*

The basis for Valerio's third claim for ineffective assistance of counsel is unclear. He states that, "[t]rial counsel failed to object to the introduction of Valerio's past criminal history that was brought up at trial that prejudiced the defendant was unfair and improper." Doc. 1-1 at 2. However, he then goes on to state, "[t]hese witness testimonies left no doubt that they were fabricated, outright lies that were corroborated by the various government witnesses, rendering the trial fundamentally unfair." *Id*. Additionally, in the heading for that portion of his motion, Valerio states [Johnson was] "silent as hearsay testimony was introduced."

---

[1] In his reply, Valerio names for the first time "Murillo-Mora" as a witness with exculpatory evidence. Doc. 12 at 3. Mario Murillo-Mora was discussed extensively during trial testimony, with at least two co-conspirators (Jason Gauthier and Rachel Berrones) testifying that Murillo-Mora was the regional supplier of methamphetamine for the conspiracy at issue. *See* Crim Doc. 149 at 7-8. Berrones testified she would buy methamphetamine from Murillo-Mora and provide it to Valerio to resell. *Id*. Murillo-Mora pleaded guilty to providing both Gauthier and Berrones large quantities of methamphetamine. *See* CR15-2015-LRR, Doc. 181 at 7-9. Valerio does not allege what specific exculpatory evidence Murillo-Mora could have provided or how he was prejudiced by Johnson's (1) alleged lack of investigation of that evidence or (2) failure to offer that evidence at trial. Rather, Valerio makes a conclusory statement that the evidence would have changed the trial's outcome. This is far from sufficient to sustain a claim of ineffective assistance of counsel.

Johnson responds that he filed a motion to exclude evidence of Valerio's past drug dealing, which was granted in substantial part. Doc. at 4 at 2; *see also* Crim. Docs. 49, 85.[2] Johnson then notes that Valerio's claim related to inadmissible hearsay evidence does not cite any specific evidence or testimony. Doc. 4 at 2.[3]

The Government responds by citing the case record, including the ruling on Valerio's motion in limine. Doc. 5 at 30. The Government then notes that to the extent I did allow some of Valerio's criminal history in during trial, that issue was raised and decided on direct appeal. *Id.*; *see also Valerio*, 731 F. App'x at 553–54, stating:

> Valerio argues that the prior conviction was irrelevant and too remote in time. As to relevance, "[e]vidence of prior drug dealings is relevant to the material issue of whether [Valerio] had the requisite intent to enter into a conspiracy." *Id.* (first alteration in original) (internal quotation marks omitted). Valerio likens this case to United States v. *Turner*, 781 F.3d 374, 390 (8th Cir. 2015), in which we were critical of the government's vague assertions, without more, that a prior conviction was relevant to show the defendant's intent and knowledge. Here, however, Valerio placed his knowledge or intent at issue during his counsel's cross examination of the government's witnesses, in which counsel repeatedly directed questioning at the small amount of methamphetamine found in Valerio's possession, Valerio's personal use habits, and whether others could have been responsible for the narcotics or paraphernalia. The government's strategy to counter this defense was to demonstrate Valerio's intent to enter into a drug conspiracy, and "[e]vidence of prior drug dealings is relevant to the material issue of whether [Valerio] had the requisite intent to enter into a conspiracy." *Jackson*, 856 F.3d at 1191 (first alteration in original) (internal quotation marks omitted).
>
> With respect to the remoteness in time between the prior conviction and the current offense, the six or seven years between the defendant's release from prison and the conduct underlying the current offense does not diminish the probative value of the evidence. *See United States v. Walker*,

---

[2] In that ruling I excluded evidence regarding an alleged drug transaction that Valerio was involved in in 2011. *See* Crim. Doc. 85 at 9.

[3] Johnson does not address the admission of Valerio's 2004 state court conviction.

8

> 470 F.3d 1271, 1275 (8th Cir. 2006) (holding prior convictions admissible where eight years passed between release from prison and the conduct underlying the offense).

The Government argues that because the Eighth Circuit Court of Appeals has already affirmed that I was within my discretion to allow Valerio's criminal history into evidence, Valerio cannot demonstrate prejudice.

The Government is correct for several reasons. First, Valerio's claim is factually incorrect. Johnson did attempt to exclude Valerio's criminal history, both in the motion in limine and at trial. In my ruling on the motion in limine, I excluded evidence related to Valerio's conduct in 2011. Crim. Doc. 85. When the Government attempted to bring in Valerio's 2004 state court conviction, Johnson provided a detailed argument about why it should not be admitted, concluding that "to bring in a conviction that happened in 2004 for an offense that I believe happened in 2003, I just think that that's going to be unduly prejudicial of this case." Crim Doc. 135 at 12. Thus, there was no deficient performance. Second, even if Johnson did not object to the admission of Valerio's 2004 conviction, the Eighth Circuit has affirmed my decision to allow it, meaning Valerio cannot show prejudice. Finally, to the extent Valerio is alleging that Johnson was ineffective in failing to object to hearsay, Valerio has failed to identify the specific hearsay testimony to which Johnson should have objected. For all of these reasons, Valerio's claim must be denied.

### 3. *Decision to Withdraw*

Valerio's final claim of ineffective assistance of counsel is that Johnson withdrew from the case after filing Valerio's motion for a new trial and "elected NOT to remain as Valerio's atty." Doc. 1-1 at 2. This claim is factually incorrect (or at least very misleading) and requires no serious discussion. Johnson was appointed as Valerio's attorney on April 8, 2016. Crim. Doc. 67. Johnson proceeded as Valerio's attorney through the jury trial. Following the guilty verdict, Johnson, on Valerio's behalf, filed a

9

timely motion for new trial on July 6, 2016. Crim. Doc. 114. On August 16, 2016, attorney Michael Lahammer was retained by Valerio and filed a notice of appearance. Crim Doc. 123. Johnson moved to withdraw only after Lahammer filed his notice of appearance. Crim. Doc. 124. Once Valerio's retained counsel appeared in this case, it was entirely appropriate for his previously-appointed counsel to withdraw. As such, Valerio cannot show either deficient performance or prejudice and this claim must be denied.

### B.     *Prosecutorial Misconduct*

Valerio also alleges that he was the victim of prosecutorial misconduct because the Government attorneys "were completely aware of perjured testimony and conspired to have all of the government witnesses testifying against Valerio housed in the same housing unit..." Doc. 1-1 at 3. He goes on to state the witnesses "dr[e]w up" a plan to blame Valerio, and that "they were able to hatch this plan as they were being transported to and from the courthouse by the U.S. Marshals and … the prosecutors made sure that they were placed in adjoining cells in the holding areas of the courthouse." *Id*.

This claim is procedurally defaulted. Generally, § 2255 relief "is not available to correct errors which could have been raised at trial or on direct appeal." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*). Thus, when "a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,'" or that the defendant is "actually innocent." *Bousley v. United States*, 523 U.S. 614 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986). Cause may be established by "a claim that 'is so novel that its legal basis is not reasonably available to counsel.'" *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)).

Valerio did not raise this issue at trial, in his motion for a new trial or on direct appeal. Thus, he can raise it now only if he can show cause and prejudice or claim actual

10

innocence. Valerio does not attempt to argue either the cause and prejudice or actual innocence. Thus, his claim fails.

Even if this claim was not barred on procedural grounds, it would still fail. "To prove prosecutorial use of false testimony, a defendant must show that: (1) the prosecution used perjured testimony; (2) the prosecution should have known or actually knew of the perjury; and (3) there was a reasonable likelihood that the perjured testimony could have affected the jury's verdict." *United States v. Funchess*, 422 F.3d 698, 701 (8th Cir. 2005) (internal citations omitted). Rather than the Government using or attempting to use perjured testimony, the Government itself alerted both Valerio and the court when it learned three of the witnesses had been transported together and Gauthier, referenced above, told the others about his testimony. *See* Crim. Doc. 134 at 220. Valerio, through his counsel, agreed the best way to resolve the issue was via cross examination and recalling Gauthier. *Id.*, at 295. That is exactly what happened. *Id.*, at 337-341, 30-384; Crim. Doc. 135 at 469-473. Valerio cannot prove prosecutorial misconduct related to this issue.[4]

### IV. CERTIFICATE OF APPEALABILITY

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability,

---

[4] In his reply, Valerio seems to raise a new issue, specifically that his sentencing counsel, Lahammer, was ineffective for failing to object to the presentence investigation report. Doc. 12 at 5-6. Valerio filed the reply on March 19, 2021, more than two years after his judgement became final on January 10, 2019. Claims raised for the first time after the one-year statute of limitations has expired are timely only if they relate back to prior claims. Claims relate back if "the claim asserted in the original pleading and the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence." *See Mandacina v. United States*, 328 F.3d 995, 1000 (8th Cir. 2003) (citing *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999); *see also* Fed. R. Civ. P. 15(c). Valerio made no claims regarding sentencing counsel in his original motion (Doc. 1). Thus, the claims related to sentencing counsel, raised for the first time in the reply (Doc. 12), are not timely and are denied.

an appeal may not be taken to the court of appeals. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, I find that Valerio failed to make the requisite "substantial showing" with respect to any of the claims raised in his § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue. If he desires further review of his § 2255 motion, Valerio may request issuance of the certificate of appealability by a judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520–22.

## V.  CONCLUSION

For the reasons set forth herein,

1. Valerio's motion (Doc. 1) pursuant to 28 U.S.C. § 2255 is **denied** as to all claims and this action is **dismissed with prejudice**.
2. The Clerk of Court shall **close this case**.
3. A certificate of appealability will **not issue**.

**IT IS SO ORDERED.**

**DATED** this 30th day of September, 2022.

_____
Leonard T. Strand, Chief Judge